UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE MALDONADO,

    Petitioner,

v.

JONATHAN HEMINGWAY,

    Respondent.
_____/

Civil No. 2:21-CV-11710
Honorable Linda V. Parker

**<u>OPINION AND ORDER (1) DIRECTING THE CLERK OF THE COURT TO TRANSFER THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF NO. 1) TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, (2) HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS (3) ADMINISTRATIVELY CLOSING THE CASE, (4) DENYING WITHOUT PREJUDICE THE MOTION FOR THE APPOINTMENT OF COUNSEL (ECF NO. 2), AND (5) GRANTING THE MOTION TO SEAL (ECF NO. 7)</u>**

    Petitioner Jose Maldonado ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his conviction for felon in possession of a firearm out of the United States District Court for the Northern District of Illinois.

    For the following reasons, the Court orders the Clerk of the Court to transfer the petition for a writ of habeas corpus to the United States District Court for the Northern District of Illinois. The Court holds the petition in abeyance and will stay

1

the proceedings as outlined at the end of the opinion. The Court also will administratively close the case.

## I. Background

Following a jury trial in the United States District Court for the Northern District of Illinois, Petitioner was convicted of the following offenses: conspiracy to possess more than five kilograms of cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); using the telephone to facilitate a narcotics offense, in violation of 21 U.S.C. § 843(b); and unlawful possession of firearms by a felon, in violation of 18 U.S.C. § 922(g)(1). Petitioner's convictions were affirmed on appeal. *United States v. Maldonado*, 893 F.3d 480, 482 (7th Cir. 2018).

Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the Northern District of Illinois, which remains pending in that court in Case No. 1:19-cv-06436.[1] Petitioner subsequently filed the pending § 2241 petition in which he claims that he is actually innocent of the felon in possession conviction in light of a recent Supreme Court decision which narrowed the statutory interpretation of 18 U.S.C. § 922(g).

---

[1] *See* https://ecf.ilnd.uscourts.gov/cgi-bin/DktRpt.pl?124634054835174-L_1_0-1. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

## II. Discussion

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under 28 U.S.C. § 2255 is inadequate or ineffective. *See Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Wooten v. Cauley*, 677 F.3d at 303; *Charles*, 180 F.3d at 756.

The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions

3

or motions for collateral relief imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 757.

Petitioner claims that he is entitled to habeas relief because he is actually innocent of the felon in possession of a firearm conviction in light of the recent Supreme Court decision of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif,* the Supreme Court held that to convict a defendant of felon in possession of a firearm, the government must prove not only that the defendant knew that he possessed a firearm but also that the defendant knew of his status as a felon which would prohibit him from possessing or owning a firearm. *Id.* at 2200.

Where the Supreme Court has interpreted a statute to narrow the range of conduct that the statute prohibits, the petitioner is required to establish his "actual innocence" under the new interpretation of the statute. *See Wooten*, 677 F.3d at 307-08; *Peterman*, 249 F.3d at 462. A petitioner alleging factual innocence due to a change of law must demonstrate four conditions to obtain habeas relief under § 2241:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Phillips v. United States*, 734 F.3d 573, 582 (6th Cir. 2013) (quoting *Wooten*, 677 F.3d at 307-08). The court reviewing a claim of "actual innocence" asks: "does the petitioner stand convicted of conduct the law does not make criminal, either because of credible evidentiary proof that he did not commit the crime or because the law has rendered his conduct not criminal." *Id*. at 582 n.9.

At this time, Petitioner is unable to come within the savings clause of Section 2255 that would permit him to bring a habeas challenge to his conviction because his motion to vacate sentence remains pending before the sentencing judge in the Northern District of Illinois.² As long as Petitioner's motion to vacate sentence remains pending before the judge that sentenced him, Petitioner is not able to show that his remedy under § 2255 is inadequate or ineffective, so as to obtain § 2241 relief on his claim. *See Blanton v. Wrigley*, 168 F. App'x 238 (9th Cir. 2006); *Foster v. Zych*, No. CIV. 2:09-CV-13661, 2009 WL 3631013, at *5 (E.D. Mich. Oct. 30, 2009). Although Petitioner's current motion to vacate

---

² In a decision issued January 13, 2022, the court concluded that an evidentiary hearing is necessary to decide Petitioner's § 2255 motion. *See* Op. & Order, *United States v. Maldonado*, No. 19-cv-06436 (N.D. Ill. Jan. 13, 2022), ECF No. 26.

5

sentence does not contain a claim that he is actually innocent of the felon in possession charge (ECF No. 8-6), this would not render the remedy under § 2255 inadequate, at least at this time, because Petitioner could amend his pending motion to vacate sentence to add his *Rehaif* claim. *See Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004). Until Petitioner at least makes an attempt to amend his motion to vacate sentence to add a claim that he is actually innocent of being a felon in possession of a firearm, any § 2241 challenge to this conviction is premature.

     A district court has the discretion, pursuant to 28 U.S.C. § 1631, to transfer a case improperly filed in the district, in the interests of justice, and can do so even if a transfer is not requested by either party. *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999). This includes transferring a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 to the sentencing judge to be treated as a motion to vacate sentence under § 2255. *See Boatwright v. Warden Fairton FCI*, 742 F. App'x 701, 704 (3d Cir. 2018). This Court believes it would be in the interests of justice to transfer Petitioner's § 2241 petition to the United States District Court for the Northern District of Illinois for consideration as a possible amended motion to vacate sentence.

     This Court's only concern in transferring the matter to the Northern District of Illinois is Petitioner losing his ability to argue before this Court that his remedy

under § 2255 is inadequate or ineffective should the sentencing judge decline to allow Petitioner to amend his motion to vacate sentence to add his claim that he is actually innocent of the felon in possession of a firearm conviction. To avoid that possibility, the Court holds the petition in abeyance until the sentencing judge resolves the issue by either granting or denying Petitioner permission to amend his motion. A federal court has "broad discretion" to stay its proceedings pending the resolution of an independent proceeding occurring in another forum. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). A federal court has the ability to stay a § 2241 habeas petition pending a decision from another court. *See, e.g., Bafile v. Thoms*, 15 F. App'x 236, 237 (6th Cir. 2001).

    This Court stays the petition during the pendency of Petitioner's motion to vacate sentence in the United States District Court for the Northern District of Illinois. There is the possibility that the judge in that district will grant Petitioner post-conviction relief, rendering the current petition moot. "[I]f this Court were to proceed in parallel with" the judge in the Northern District of Illinois, "there is a risk of wasting judicial resources if the [sentencing] court might grant relief on [Petitioner's] claim." *Thomas v. Stoddard,* 89 F. Supp. 3d 937, 942 (E.D. Mich. 2015). If Petitioner is unable to obtain relief in the sentencing court, he is free to move to reopen his § 2241 as per the terms of the abeyance order as outlined below.

Petitioner has filed a motion for the appointment of counsel. The motion is denied without prejudice to Petitioner requesting the appointment of counsel again if he moves to reopen the case.

Respondent has moved to have the pre-sentence investigation report filed under seal because it is an internal document not meant for personal consumption. A federal court has the power to seal records when the interests of privacy outweigh the public's right of access to those records. *See Ashworth v. Bagley*, 351 F. Supp. 2d 786, 789 (N.D. Ohio 2005) (internal citation omitted). The Court grants the motion to seal the pre-sentence report.

### III. ORDER

For the reasons outlined above,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer the petition for a writ of habeas corpus and a copy of this Opinion and Order to the United States District Court for the Northern District of Illinois for consideration as a proposed amendment to Petitioner's pending motion to vacate sentence in *United States v. Maldonado*, No. 1:19-cv-06436.

**IT IS FURTHER ORDERED** that these proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner shall file a motion using the above case-caption to reopen his habeas petition within **sixty (60) days** after either (1) the sentencing judge's decision to deny Petitioner permission to amend

8

his pending motion to vacate sentence, or (2) if permission to amend is granted, that court's denial of the motion to vacate sentence and the affirmance of that decision by the United States Court of Appeals for the Seventh Circuit.

**IT IS FURTHER ORDERED** that Petitioner's motion for the appointment of counsel (ECF No. 2) is **DENIED WITHOUT PREJUDICE** and the Government's motion to seal (ECF No. 7) is **GRANTED.**

**IT IS FURTHER ORDERED** that to avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**IT IS FURTHER ORDERED** that upon receipt of a motion to reinstate the habeas petition, the Court will order the Clerk to reopen this case.

IT IS SO ORDERED.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 4, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 4, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager